[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This is an appeal from the order of the Hamilton County Court of Common Pleas entered February 19, 1998, which overruled objections to the report of its magistrate and affirmed the magistrate's decision.
The procedural history of this case, which spans more than six years, is not in dispute, nor are there significant differences between the parties with respect to most of the basic facts.
The defendants-appellees were, when this cause originated, employees of the plaintiff-appellant, the Klosterman Baking Co., at its bakery. Klosterman employed some 100 persons at its facility in Cincinnati, and 65 of them were, or are, members of the Bakery, Confectionary and Tobacco Workers Union, AFL-CIO Local No. 57, which had a collective-bargaining agreement with Klosterman. That contract took effect in September 1990 and expired by its terms on September 25, 1993.
Before that expiration date, the union and the company commenced negotiations for a new agreement, and six meetings were had between August 25, 1993, and the expiration date in September. Klosterman submitted a proposal, which included reductions in wages and benefits, reflecting the company's opinion that its financial condition was deteriorating. Neither of the parties offered to continue working under the terms of the existing agreement. On September 25, 1993, the expiration date of the collective-bargaining agreement, Klosterman informed the union negotiating group that it had implemented its proposals as of September 24, 1993. From that date until June 19, 1994, the employees continued to work and were compensated according to the terms of the company's proposal. On June 19, 1994, a representative of the union informed the company that the union was engaging in a work stoppage, and the members of the union ceased to work, established picket lines and failed to report for work although work was available to them.
Defendant-appellee Timothy Alsip and forty-seven of his fellow employees applied for unemployment benefits. A hearing at which the claimants and Klosterman were represented by counsel was held on August 22, 1994. The hearing officer issued a decision on September 8, 1994, declaring that the claimants were not eligible to receive benefits because they were unemployed due to a labor dispute other than a lockout. The claimants appealed to the Unemployment Compensation Board of Review, which, on December 23, 1994, affirmed the decision of the hearing officer. The claimants then appealed the board's decision to the Hamilton County Court of Common Pleas, which, on September 5, 1995, affirmed the determination made by the board.
The claimants appealed the judgment of the court of common pleas to this court. On August 14, 1996, a majority of the panel hearing the appeal concluded the following in Alsip v. Klosterman (Aug. 14, 1996), Hamilton App. No. C-950721, unreported:
 We hold, based on the foregoing analysis, that the decision of the Board was contrary to law, and the judgment of the trial court upholding that decision is accordingly reversed. We hereby enter the judgment that should have been entered in the trial court: the Board's decision is vacated and the matter is remanded to the Board for a proper application of the status quo test in Bays. We re-emphasize that our decision is based only on Ohio's unemployment compensation law and is unrelated to any other labor issues among the parties. The Bays
test in this case must be applied to the status quo which existed before the original collective-bargaining agreement expired, and it must be applied to the time when negotiations resumed on June 16, 1994. Further, the status quo test is to be applied without reference to the employer's economic circumstances.[1]
 The third member of the panel dissented, stating in pertinent part:
 The vote to strike was taken in late September of 1993, not June 16, 1994. Thus, the strike vote action was taken when no negotiations were ongoing and there was no offer from the union to continue operations under the status quo. I must therefore conclude that after the September 1993 strike vote, the employees went to work under new terms which they accepted because the union had not offerred [sic] a status quo continuance of work. I reason that the employees individually, and as a union, waived the necessary prerequisite conditions to continue employment at the status quo. It is not credible to determine that new negotiations some nine months later between the company and union can somehow bootstrap these facts to a status quo implementation of employment.
 Klosterman appealed this court's decision to the Ohio Supreme Court. On January 15, 1997, the supreme court declined jurisdiction and subsequently overruled a motion for reconsideration of that order.
It is obvious that the dichotomy within the panel that resolved the first appeal to this court had its roots primarily in factual issues. The decision to remand the case to the board of review was intended, unquestionably, to permit the board to resolve the issues of fact essential to the "proper application of the status quo test in Bays." Were this not so, the majority inAlsip, supra, would have gone no further than to reverse the order of the court of common pleas and enter final judgment awarding unemployment benefits to the claimants. Despite the arguably enigmatic language that preceded the order to remand the cause to the board, it is manifest that the majority could find no basis to award benefits in law upon the state of the record before it, and that is particularly apparent in the clear light of the dissent.
Nevertheless, the board refused to convene an evidentiary hearing when it received the cause upon remand and, instead, issued its decision "upon a review of the entire record." On June 9, 1997, the board reversed its original affirmance of a denial of benefits because the claimants were unemployed due to a labor dispute other than a lockout by holding, on the same record, that the claimants "were unemployed from Klosterman Baking Co., Inc. [sic] due to a lockout." This decision was appealed by Klosterman to the Hamilton County Court of Common Pleas. The cause was then confided to the magistrate, who, on January 26, 1998, made, inter alia, the following finding:
 A rehearing [by the board of review] is unnecessary given the review guidelines imposed by the First District Court of Appeals and followed by the Board of Review.
 On February 19, 1998, the court of common pleas placed of record the entry from which the appeal sub judice derives:
 This matter came before the Court on Objections filed to the Magistrate's Decision of January 26, 1998 by the Appellant as well as the Appellees. After review of the record, the Magistrate's Decision and all the Objections thereto, this Court finds the Decision of the Magistrate to be a sound one, well supported by both the factual record of this case and the law.
 Therefore, the Objections to the Magistrate's Decision of January 26, 1998 are hereby overruled, and said Decision is hereby affirmed. [Emphasis ours.]
 The essence of the Administrator's objections to the magistrate's report was:
 [T]he Administrator and the Review Commission originally found that the Claimants' unemployment was due to a labor dispute other than a lockout. The Claimants contend that their unemployment was due to a lockout by the Employer. The Appellee, Administrator, Ohio Bureau of Employment Services, asserts that the Claimants' unemployment was not the result of a lockout. The Administrator further contends that the Review Commission subsequently issued a decision to the contrary only because the Review Commission was required to explicitly follow the reasoning of the Hamilton County Court of Appeals. The Administrator disagrees with this reasoning * * *.
 Klosterman's objections rested primarily upon the board's failure to conduct a further hearing to afford the parties the opportunity to adduce additional evidence or to address supplemental arguments pertinent to the application of the Bays
test. Klosterman argues that, given this court's decision in the preceding appeal, the board could not "simply" reverse its prior decision.
Klosterman gives us these two assignments of error:
 1. The Court of Common Pleas erred in not finding that the Board of Review's decision is unlawful, unreasonable and against the manifest weight of the evidence because the Board of Review failed and refused to conduct a hearing on remand.
 2. The Court of Common Pleas erred in failing to find that the Board of Review's decision that the Claimants became unemployed due to a lockout is unreasonable, unlawful and against the manifest weight of the evidence because the Board of Review improperly applied the Bays
status quo test.
 The assignments intermesh to the extent that they can be addressed as one. It is Klosterman's stated predicate for its second assignment that poses the issue to be resolved:
 Where the facts demonstrate that the claimants became unemployed due to a strike, not a lockout, the Board of Review's decision awarding unemployment compensation benefits is unlawful, unreasonable and against the manifest weight of the evidence.
 As the majority of this court noted, in its decision in the original appeal:
 All parties to this appeal agree that the legal issue around which this case turns is whether the June 19 work stoppage was a lockout. If a work stoppage is due to a lockout, employees are entitled to unemployment compensation. If a work stoppage is due to a labor dispute other than a lockout, there is no right to unemployment compensation benefits. Under the facts of this case and under the law which was developed, this principle is more easily stated than applied.
 Alsip v. Klosterman, supra.
 The majority then considered the "Bays test," one which derived from the cited case of Erie Forge Steel Corp. v. Unemployment Comp. Bd. of Review
(1960), 400 Pa. 440, 443-445, 163 A.2d 91, 93-94, crystallizing it in these words:
 Under this test, the Administrator and the Board must determine "which side, union or management, first refused to continue operations under the status quo after the contract had technically expired, but while negotiations were continuing." Bays, supra, at 135, 559 N.E.2d at 743, quoting Philco Corp. v. Unemp. Comp. Bd. of Review (1968), 430 Pa. 101, 103, 242 A.2d 454, 455. The union need only offer to continue operations under the status quo for a reasonable period of time pending further negotiations; the employer need only accept the union's offer to continue operations under the status quo for a reasonable period of time pending further negotiations.
 Here, as the dissenter noted correctly, the union had taken a vote to strike and the workers were willing to cease working at the expiration of the collective-bargaining agreement. It is clear that neither party offered or requested to continue operating under the terms of that agreement beyond September 25, 1993, the date of its termination. It is undisputed that the union employees worked under Klosterman's proposal from September 25, 1993, to the date of the work stoppage of June 19, 1994.
The consequence in law of these actions is obvious: the conflicts must be resolved by a trier of the facts before the "Bays test" can be applied to the case. It is clear to us from the record that the board did not resolve the conflicts, possibly because it concluded that this court had decided those questions as matters of law when the majority held that the board's original decision was "contrary to law." Resultantly, when the case was returned to the board by the remand ordering "a proper application of the status quo test in Bays," additional evidence or, at least further exploration of the factual issues by argument, was essential. The status quo test, as the majority declared "is tobe objective, not subjective." (Emphasis ours.)
The original record, then, was not altered in any material way when it reappeared before the court of common pleas and its magistrate. From all that appears, there was nothing more than a change of mind. As we have noted, the language adopted by the majority when stating its conclusion and the order of remand may have unintentionally misled the board, the court and the magistrate, although the directives that amplified the order seem clear to this panel. The questions essential to an objective application of the "Bays test" were posed, but not answered.
Our obligation in the case sub judice is stated unambiguously in Tzangas, Plakas Mannos v. Ohio Bur. of Employ. Servs. (1995),73 Ohio St.3d 694, 696, 653 N.E.2d 1207, 1210:
 In Irvine v. Unemp. Comp. Bd. of Review (1985), 19 Ohio St.3d 15, 17-18, 19 OBR 12, 15, 482 N.E.2d 587, 590, this court held that reviewing courts may reverse "just cause" determinations "if they are unlawful, unreasonable, or against the manifest weight of the evidence." This court noted that while appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record. Id. at 18, 19 OBR at 15, 482 N.E.2d at 590. This duty is shared by all reviewing courts, from the first level of review in the common pleas court, through the final appeal in this court.
 The conclusion now is inescapable. The decision of the board in which this appeal has its roots is not supported by the record made upon remand. That being so, the decision of the magistrate, and the judgment of the court of common pleas overruling the joint objections and adopting it, is unlawful and, therefore, in the broadest sense, unreasonable in light of the law. Neither the court of common pleas nor this court is empowered by law to supply the factual deficiencies manifest in the record received from the board upon remand.
The claimants had at the outset the burden of proving that the work stoppage was through no fault of their own in order to qualify for benefits. Alsip v. Klosterman, supra. We hold, on the state of the record before us, that they failed to maintain that burden.
The assignments of error are well taken and are sustained for the reasons given supra.
Accordingly, the judgment of the Hamilton County Court of Common Pleas entered February 19, 1998, is reversed and final judgment is rendered hereby in favor of the plaintiff-appellant, the Klosterman Baking Company, Inc.
Judgment reversed and final judgment entered.
 Sundermann, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] The reference is to Bays v. Shenango Company (1990),53 Ohio St.3d 132, 532 N.E.2d 740.